### BROWN *v.* SMITH *et al.*

The petition failing to show any injury to the plaintiff or his property that would result from the acts upon the part of the county commissioners which it is sought to enjoin, and failing to show any invasion of any right of the plaintiff, there was no error in dismissing the action.

No. 275. DECEMBER 15, 1917.

Equitable petition. Before Judge Crum. Wilcox superior court. March 20, 1917.

Brown brought a petition seeking injunction against Doster and others, commissioners of roads and revenues of Wilcox County, and Smith, agent of the county in charge of the convicts engaged in building public roads; and alleged as follows: The defendants are about to lay out a new road which would have the effect of changing the public road from Abbeville to Rochelle. The road as it now exists runs in front of a certain described tract of land belonging to petitioner and on the north side of a designated railroad; and the proposed change will so divert the road that it will run on the other side of the railroad from the petitioner's land, the point of divergence from the present road being about one mile from Rochelle. The proposed change will injure and damage his property in a large sum, decreasing the value about fifty per cent. He would not have bought the property referred to but for the location of the public road. The defendants have not given notice as provided by law, nor passed a formal order after a hearing in the premises; and the acts complained of would be a wrongful and illegal expenditure of the public money of Wilcox County. "No offer has been made to petitioner or any compensation for the taking and damaging of his property for public purposes, and no condemnation proceedings have been begun as provided by law." The alteration of the road, if allowed, will be a taking and damaging of his property without providing just compensation, and without due process of law. At the hearing the court dismissed the petition upon general demurrer.

*M. B. Cannon* and *Hal Lawson,* for plaintiff.

*N. M. Patten* and *Eldridge Cutts,* for defendants.

BECK, P. J. We are of the opinion that the court did not err in dismissing the action. There is nothing in the petition that shows that the county authorities are about to abandon the public road which now passes between the property of the plaintiff and the railroad, nor could the county authorities abandon or discontinue this existing and established public road without taking the steps provided by law for such an act; and should they attempt to do so, the petitioner could institute proceedings to compel them to maintain the road as it now exists until it is changed according to law. Consequently it does not appear that the petitioner will be injured by the opening of the new road from the point where it diverges from the established road into the town of Rochelle;

and the opening of this road can not be enjoined on the ground that it damages his property without compensation, or that it is a taking of his property.

In the argument counsel for the plaintiff insists that as a citizen and taxpayer he is entitled to injunction against the opening of a new road without notice. We do not think that this petition could be construed as a bill brought by a citizen and taxpayer, although it is in general terms alleged that the petitioner is a citizen and taxpayer of the county; for there is no attempt to show that as a taxpayer he would be injured and damaged. It does not appear that the defendants are about to pay out any of the county's money for the strip of land over which the proposed new road from the point of divergence above referred to into the City of Rochelle will pass; nor is it alleged that it will be necessary to condemn the strip of land. If any of the county's money was about to be paid out illegally, the petitioner, in order to get the benefit of that fact in aid of his contentions, should have shown it by proper allegations. We should not by construction or amplification aid the pleader in making a case as a taxpayer.

We are of the opinion, therefore, that the petition showed no damage nor injury to the petitioner either as landowner or as a taxpayer, and that the petition was properly dismissed.

*Judgment affirmed. All the Justices concur, except George, J., disqualified.*